**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ALBERT JUSTUS TARWATER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-25-1367-SLP |
| | ) |
| DAVID ROGERS, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Albert Justus Tarwater filed a Petition Under 28 U.S.C. § 2254 for Writ

of Habeas Corpus by a Person in State Custody ("Petition") challenging his state court

conviction and sentence in Case No. CF-2018-1215, District Court of Cleveland County,

Oklahoma.  Doc. 1.  Petitioner also filed a brief in support of the Petition.  Doc. 2.  United

States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate

Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).  Respondent filed a Pre-Answer

Motion to Dismiss Petition for Writ of Habeas Corpus as Unexhausted ("Motion") and a

brief in support of the Motion.  Docs. 17, 18.  Petitioner filed a Response, Doc. 19, and the

---

[1] The parties agree David Rogers, as warden of the correctional center where Petitioner is incarcerated, is the proper Respondent.  Doc. 17 at 1 n.1; Doc. 18 at 1 n.1; Doc. 19 at 1; *see also* Rule 2, Rules Governing Section 2254 Cases in the United States District Court. Petitioner is detained at a Lawton prison formerly known as the Red Rock Correctional Center and renamed in July 2026 as the Chief James Smith Correctional Center.  *See* Oklahoma Department of Corrections Inmate Locator, *at* https://okoffender.doc.ok.gov/ (last visited July 26, 2026); Oklahoma Department of Corrections, "Lawton prison officially renamed as Chief James Smith Correctional Center," *at* https://oklahoma.gov/doc/newsroom/2026/lawton-prison-officially-renamed-as-chief-james-smith-correction.html (last visited July 26, 2026).

Motion is fully briefed.[2]  For the reasons set forth below, the undersigned recommends that the Court grant the Motion and dismiss the Petition without prejudice.

## I.    **Background and Procedural History**

Petitioner was tried by jury in the District Court of Cleveland County, and convicted of one count of lewd or indecent acts to a child under the age of 16.  Doc. 1 at 1.  He was sentenced to 25 years' imprisonment.  *Id.* at 2; Doc. 2-1.

Petitioner brought a direct appeal, raising the following propositions of error:

1.    The trial court abused its discretion by improperly permitting admission of prior bad-acts impeachment evidence.

2.    The trial court erred when it permitted the prosecution to replay the forensic interview during closing argument.

Doc. 1 at 2; Doc. 2-2 at 3; *see also* Doc. 18-5 at 9-27.  On July 25, 2024, the Oklahoma Court of Criminal Appeals ("OCCA") denied relief on both claims.  Doc. 1 at 2; Doc. 2-2 at 5.  Petitioner did not seek review by the United States Supreme Court.  Doc. 1 at 2.

On January 15, 2025, Petitioner sought post-conviction relief from the District Court of Cleveland County, raising the following grounds:

1.    Ineffective assistance of trial counsel.

2.    Ineffective assistance of appellate counsel.

3.    Victim misidentification.

4.    Improper use of prior bad acts.

5.    Excessive sentence.

---

[2] Page citations reference the Court's electronic case filing pagination.

Doc. 1 at 2-3; Doc. 2-3; *see also* Doc. 18-7.  The Cleveland County district court denied relief on April 29, 2025.  Doc. 1 at 3; Doc. 2-3 at 6.  Petitioner did not appeal the denial to the OCCA.  Doc. 1 at 3.

## II.    **Petitioner's Grounds for Relief**

Before this Court, Petitioner seeks federal habeas relief on the following grounds:

1.    <u>Ground One</u>: Due Process (Fifth & Fourteenth Amendments): The trial court violated due process by admitting other-acts impeachment concerning a separate misdemeanor assault and battery case.  The evidence was introduced under Okla. Evid. Code § 2608(b), but not probative of truthfulness and instead invited propensity reasoning, rendering the trial fundamentally unfair.

2.    <u>Ground Two</u>: Ineffective Assistance of Trial Counsel (Sixth Amendment): Trial counsel were constitutionally deficient by failing to: (a) investigate and develop the victim's misidentification; (b) cross-examine the victim after she testified that the person known as "AJ" was not in the courtroom; (c) move to dismiss for lack of probable cause; and (d) adequately object to or seek exclusion of the prior bad-acts impeachment.

3.    <u>Ground Three</u>: Ineffective Assistance of Appellate Counsel (Sixth & Fourteenth Amendments): Appellate counsel failed to raise stronger claims, including ineffective trial counsel and misidentification.

4.    <u>Ground Four</u>: Prosecutorial Misconduct/Due Process (Fifth & Fourteenth Amendments): During closing argument, the State replayed the child complainant's forensic interview, effectively doubling the weight of hearsay testimony and inflaming the jury.

5.    <u>Ground Five</u>: Excessive Sentence (Eighth & Fourteenth Amendments): Petitioner's 25-year-sentence is grossly disproportionate given the weak identification evidence, lack of forensic proof, and prejudicial trial errors.

Doc. 1 at 3-4.

3

### III.    Standard of Review

Federal statutory law does not address the standard for a motion to dismiss in a habeas proceeding, and thus the Federal Rules of Civil Procedure apply.  *See* Fed. R. Civ. P. 81(a)(4).  Respondent moves for dismissal based on Petitioner's failure to exhaust his administrative remedies but does not articulate under what provision.  The undersigned construes Respondent's Motion as asserting that Petitioner failed to state a claim for relief because he has not exhausted administrative remedies.  Therefore, the applicable rule is Federal Rule of Civil Procedure 12(b)(6).  *See Knox v. Workman*, No. CIV-10-1181-W, 2011 WL 651937, at *1 (W.D. Okla. Jan. 14, 2011) (applying the Rule 12(b)(6) standard when considering a motion to dismiss a § 2254 habeas petition) (R&R), *adopted*, 2011 WL 643423 (W.D. Okla. Feb. 11, 2011); *see also Aguilera v. Kirkpatrick,* 241 F.3d 1286, 1290 (10th Cir. 2001) (holding a motion to dismiss in a habeas proceeding arises under Rule 12(b)(6)).

To survive a motion to dismiss under Rule 12(b)(6), a petition must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In ruling on such a motion, the Court's function is "to assess whether the complaint alone is legally sufficient to state a claim for which relief may be granted." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014) (citation modified).  To that end, "all well-pled factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party." *Id.* at 1136 (citation modified).  "Granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit

4

of the liberal rules of pleading but also to protect the interests of justice." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1276 (10th Cir. 2023) (citation modified). As such, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citation modified).

## IV.   Analysis

Respondent argues that Petitioner's claims are unexhausted and the Petition should be dismissed without prejudice to afford Petitioner the opportunity to exhaust his state court remedies. The undersigned agrees.

### A.   Exhaustion

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254. AEDPA codifies the exhaustion doctrine, which is a matter of comity and requires the Court to consider in the first instance whether Petitioner has presented his grounds for relief to the OCCA. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("The States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." (citation modified)). AEDPA provides that, aside from two narrow exceptions,[3] habeas relief for a state prisoner shall not be granted unless the remedies available in state court have been exhausted. 28 U.S.C. § 2254(b)(1); *see also id.* § 2254(c) ("An applicant shall not be deemed to have exhausted

---

[3] Exhaustion is not required if "there is an absence of available State corrective process" or certain circumstances "render such process ineffective to protect [a petitioner's] rights." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure the question presented."). Habeas relief may, however, be denied notwithstanding Petitioner's failure to exhaust state court remedies. *Id.* § 2254(b)(2).

"The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). To exhaust a claim, that claim must be "fairly presented to the state court." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (citation modified). That means the "substance of the federal claim [must be] raised in state court." *Simpson v. Carpenter*, 912 F.3d 542, 565 (10th Cir. 2018). "The petitioner need not cite 'book and verse on the federal constitution,' but the petitioner cannot assert entirely different arguments from those raised before the state court." *Bland*, 459 F.3d at 1011 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971)). Instead, the claims in state and federal court should be of the same nature.

### 1.    Grounds One and Four are unexhausted.

Petitioner asserts Grounds One and Four were exhausted through direct appeal to the OCCA. Doc. 1 at 4; Doc. 19 at 3-6. He argues that "a claim is fairly presented when the petitioner presents the state court with the same operative facts and the same fundamental legal theory later advanced in federal habeas proceedings." Doc. 19 at 3 (citation modified). Petitioner further claims "exhaustion does not require a petitioner to cite specific constitutional provisions or to frame the claim in constitutional terms so long as the state court is alerted to the substance of the federal issue." *Id*. (citation modified).

6

Petitioner is correct. Indeed, "the crucial inquiry is whether the substance of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Grant v. Royal*, 886 F.3d 874, 890 (10th Cir. 2018) (citation modified).

Here, however, Petitioner's direct appeal claims were not presented to the OCCA in a manner sufficient to put that court on notice of the federal constitutional claims he raises before this Court. In his first claim to the OCCA, he argued the trial court abused its discretion in permitting certain impeachment evidence, and he relied only on state law. Doc. 1 at 2; Doc. 18-5 at 9-22.[4] In his second claim, he argued the trial court abused its discretion in permitting the prosecution to replay certain video during its closing, and he

---

[4] In his Motion, Respondent relies on materials outside the Petition. *See* Docs. 18-1 through 18-9. Petitioner argues he exhausted Grounds One and Four by presenting them to the OCCA on direct appeal. Doc. 1 at 4. Though the undersigned considered Petitioner's direct-appeal brief, Doc. 18-5, it is not necessary to convert Respondent's Motion to one for summary judgment. *See Tufaro v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, 107 F.4th 1121, 1131 (10th Cir. 2024) ("A district court may consider a document outside the four corners of a complaint in deciding a Rule 12(b)(6) motion if the document is (1) central to the plaintiff's claim, (2) referred to in the complaint, and (3) free of any genuine dispute over its authenticity." (citation modified)); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (discussing that a court may take judicial notice of facts that are a matter of public record without converting a motion to dismiss to a motion for summary judgment); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) ("Conversion to summary judgment when a district court considers outside materials is to afford the plaintiff an opportunity to respond in kind. When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and this rationale for conversion to summary judgment dissipates." (citation modified)); *Whitmore v. Parker*, 484 F. App'x 227, 231-32 (10th Cir. 2012) (discussing a district court's discretion in a habeas proceeding to convert a motion to dismiss to a motion for summary judgment, and noting that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").

again relied only on state law. Doc. 1 at 2;[5] Doc. 18-5 at 23-27. The OCCA affirmed denial of relief on both claims, concluding the trial court had not erred or abused its discretion in permitting the challenged evidence. Doc. 2-2 at 3-5. Though Petitioner asserts the OCCA "necessarily addressed the constitutional substance of Grounds One and Four," Doc. 19 at 5, Petitioner is incorrect. Instead, the OCCA relied only on state law and considered only the state law claims presented. *See* Doc. 2-2 at 3-5 (considering state law to determine whether the trial court erred or abused its discretion).

Petitioner presented only state law claims to the OCCA on direct appeal, and "nothing in [his] briefing . . . alert[ed] the state court about a federal constitutional claim." *Prendergast v. Clements*, 699 F.3d 1182, 1184-85 (10th Cir. 2012). The claim that a trial court abused its discretion "is not the substantial equivalent of a claim that it results in an unconstitutional" fundamentally unfair trial. *Picard*, 404 U.S. at 278 (holding "the substance of a federal habeas corpus claim must first be presented to the state courts"); *see also Hawkins v. Champion*, 982 F.2d 528, 1992 WL 372598, at *3 n.5 (10th Cir. 1992) ("By itself abuse of discretion by a state trial judge does not raise a constitutional issue cognizable on federal habeas review."). As such, Petitioner did not present Grounds One and Four to the OCCA in a manner "sufficient to put the courts on notice of the federal constitutional claim." *Prendergast*, 699 F.3d at 1184.

---

[5] In the Petition, Petitioner characterizes the second claim as alleging prosecutorial misconduct. Doc. 1 at 2. But it was presented to the OCCA as error by the trial court. Doc. 18-5 at 23; Doc. 2-2 at 4.

Grounds One and Four, therefore, are not exhausted. *See, e.g., id.* at 1184-85 (determining the petitioner had not exhausted federal habeas claim when he presented it to the state courts as an abuse of discretion by the trial judge, with no briefing about a federal constitutional claim); *Hawkins v. Mullin*, 291 F.3d 658, 673 (10th Cir. 2002) (determining the petitioner had not exhausted federal habeas claim when he presented it to the state courts as a challenge to testimony based only on state law grounds); *see also Grant*, 886 F.3d at 891 ("To satisfy exhaustion, then, the habeas petition's focus—as well as the alleged error that it identifies—cannot depart significantly from what the petitioner had presented to the state court.").[6]

### 2.    Grounds Two, Three, and Five are unexhausted.

Petitioner acknowledges he did not present his post-conviction relief arguments to the OCCA and, accordingly, Grounds Two, Three, and Five are unexhausted. Doc. 1 at 4-5. He argues, however, that when the Cleveland County district court denied his application for post-conviction relief, the court clerk failed to notify him or his counsel within the 30-day appeal window. He asserts he was prevented from timely appealing and should be excused from the exhaustion requirement. *Id.* at 5; Doc. 19 at 6-8.

### a.    Petitioner does not meet his burden of proving futility.

Under AEDPA, exhaustion is not required if "exhaustion would have been futile because either 'there is an absence of available State corrective process' or 'circumstances

---

[6] The undersigned is troubled by Petitioner's citation to cases that do not support the proposition for which he cites them. *See, e.g.,* Doc. 19 at 4 (citing *Payne v. Tennessee*, 501 U.S. 808, 825 (1991); *Prendergast*, 699 F.3d at 1184; *Hawkins*, 291 F.3d at 668).

exist that render such process ineffective to protect the rights of the applicant.'" *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting 28 U.S.C. § 2254(b)(1)(B)(i)-(ii)). The petitioner "bears the burden of proving" "that exhaustion would have been futile." *Id.*

Petitioner argues the "breakdown in the state's post-conviction process constitutes an external impediment beyond Petitioner's control, rendering compliance with state appellate procedures impossible [and] establish[ing] 'cause' excusing any procedural default." Doc. 1 at 5 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *accord* Doc. 2 at 7. However, as Respondent points out, Oklahoma law provides a mechanism for Petitioner to seek to exhaust his federal habeas claims, as "Petitioner may challenge his judgment and sentence via a state post-conviction appeal out of time under OCCA Rule 2.1, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App." Doc. 18 at 10; *see also Sebastian v. Biden*, No. CIV-24-55-HE, 2024 WL 1925284, at *2 (W.D. Okla. Mar. 29, 2024) (concluding, when the petitioner had not exhausted state court remedies, that his "return to state court would not be futile because he may still file a post-conviction application requesting an appeal out of time") (R&R), *adopted*, 2024 WL 1916738 (W.D. Okla. Apr. 30, 2024); *accord Anderson v. Province*, No. CIV-11-1404-C, 2011 WL 7117261, at *2 (W.D. Okla. Dec. 28, 2011) (R&R), *adopted*, 2012 WL 279483 (W.D. Okla. Jan. 31, 2012). Accordingly, Petitioner has not shown exhaustion to be futile.

> **b.    Petitioner does not establish that he need not seek an appeal out of time.**

Petitioner additionally argues that exhaustion does not require him to seek an appeal out of time under the OCCA's available procedure as AEDPA "requires a petitioner to

10

pursue only those state remedies that are **available as of right**." Doc. 19 at 8. He asserts "the Supreme Court has repeatedly held that exhaustion does not require pursuit of discretionary, extraordinary, or speculative remedies," citing to *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982), and *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Doc. 19 at 8; *see also id.* at 9 (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). None of Petitioner's cited cases supports his proposition.

A habeas petitioner may exhaust state court remedies through presentation to the highest state court, by either direct appeal or post-conviction proceedings. *Dever*, 36 F.3d at 1534. And if a petitioner may "seek one apparently remaining avenue of state judicial relief: an out of time appeal with the OCCA," then it is permissible for a district court to provide such opportunity for exhaustion. *Ciempa v. Dinwiddie*, 340 F. App'x 516, 520 (10th Cir. 2009); *see also Mosley v. Rankins*, No. CIV-24-1139-R, 2025 WL 4641602, at *5 (W.D. Okla. Dec. 2, 2025) (recommending dismissal without prejudice "to afford Petitioner the opportunity to return to state court to exhaust his claims" when state moved to dismiss so petitioner could seek to exhaust his claims through an appeal out of time) (R&R), *adopted*, 2026 WL 360040 (W.D. Okla. Feb. 9, 2026); *Archilta v. Oklahoma*, 123 F. App'x 852, 856 (10th Cir. 2005) (affirming district court's dismissal without prejudice of habeas petition when the petitioner was "eligible to petition for an appeal out of time under Oklahoma law").

As noted above, "the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman*, 501 U.S. at 731 (citation modified). Accordingly, "because there is a possibility that the state court may allow

11

review of Petitioner's claim under Rule 2.1(E), there remains an available state avenue of redress, and Petitioner must exhaust that remedy before proceeding with his federal habeas petition." *Anderson*, 2011 WL 7117261, at *2 (citation modified) (citing *Braggs v. Att'y Gen. of Okla.*, 166 F.3d 346, 1998 WL 864070, at *2 (10th Cir. 1998) (determining the petitioner had not exhausted his claims because "an available state avenue of redress" exists that must be exhausted), and *Garza v. Gibson*, 201 F.3d 447, 1999 WL 1054679, at *2 (10th Cir. 1999) (dismissing petition without prejudice when some claims were unexhausted as "a possible available state avenue of redress exists")); *accord Allen v. Pettigrew*, No. CIV-21-395-C, 2021 WL 5504748, at *4 (W.D. Okla. Sept. 20, 2021) (R&R), *adopted*, 2021 WL 5504735 (W.D. Okla. Nov. 23, 2021).  Petitioner should be afforded the opportunity to return to state court to exhaust his claims.

## B.    Dismissal without prejudice

The undersigned concludes the Petition contains only unexhausted claims.  When considering such a petition, a district court ordinarily has two options: (1) dismiss the petition so the petitioner can return to state court to exhaust his claims, or (2) deny the petition on the merits pursuant to 28 U.S.C. § 2254(b)(2), notwithstanding the petitioner's failure to exhaust state court remedies.  *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002).  "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies," but the Tenth Circuit has cautioned it "is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds."  *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (citation modified).  In such situations, rather

12

than dismissing to permit the petitioner to return to state court, federal courts may apply an anticipatory procedural bar. *See Williams v. Trammell*, 782 F.3d 1184, 1212 (10th Cir. 2015) (explaining anticipatory procedural default applies "where a petitioner fails to exhaust a claim and we, as a federal court, nonetheless conclude that the claim would be procedurally defaulted on remand").

> **1.    The undersigned declines to recommend application of an anticipatory procedural bar.**

"An anticipatory procedural bar creates an affirmative defense which the state may raise." *Tryon v. Quick*, 81 F.4th 1110, 1139 (10th Cir. 2023) (citation modified); *see also Hooks v. Ward*, 184 F.3d 1206, 1216 & n.6 (10th Cir. 1999) (recognizing procedural bar as an affirmative defense and noting "traditionally the burden of proving an affirmative defense falls on the party asserting the affirmative defense" (citation modified)).  Here Respondent does not raise anticipatory procedural bar or attempt to prove the affirmative defense.  Nor does Respondent argue the Petition should be denied on the merits.  Instead, Respondent specifically asks the Court to dismiss the Petition without prejudice so that Petitioner may "seek relief in state court."  Doc. 18 at 13.

> **2.    The undersigned declines to recommend a stay and abeyance.**

Petitioner, however, argues the proceedings should be stayed, rather than dismissed.  Doc. 19 at 11 (citing *Rhines v. Weber*, 544 U.S. 269 (2005)).  Under *Rhines*, 544 U.S. at 275-76, a stay may be available for mixed petitions containing both exhausted and unexhausted claims.  Additionally, the *Rhines* "rationale is potentially applicable to a petition with wholly unexhausted claims that is protectively filed during the pendency of

13

state postconviction proceedings." *Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014). A protectively-filed habeas petition is one that raises the same claims as an application for post-conviction relief that was "filed simultaneously" and "just before" the AEDPA limitations period is set to expire. *Id*. at 1181 (emphasis omitted).

Here, Petitioner does not argue that he protectively filed his Petition to preserve his federal habeas rights while he sought review by the OCCA. Indeed, Petitioner has no pending application for post-conviction relief in state court. *See generally* Doc. 1 (indicating Petitioner has no other application or appeal now pending).[7] Nor has he demonstrated that he protectively filed the Petition "just before" the expiration of the AEDPA limitations period.[8]

Moreover, Petitioner fails to demonstrate that a stay is warranted. A stay "is an exercise of judicial discretion and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (citation modified). As the Supreme Court explained in *Rhines*, however, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure

---

[7] The undersigned has searched the state court dockets, available at www.oscn.net/dockets (last visited July 27, 2026), to confirm Petitioner has no pending application for post-conviction relief. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting a court "may exercise [its] discretion to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand")

[8] Per Petitioner's calculations, he filed his Petition with 126 days left in the AEDPA limitations period. *See* Doc. 1 at 6.

to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278.

Petitioner fails to establish good cause for his failure to exhaust. He points to the Cleveland County district court clerk's failure to notify him of the denial of his application for post-conviction relief. Doc. 19 at 11. But he provides no explanation for his failure to seek an appeal out of time as permitted under Oklahoma law.

Nor does Petitioner establish that his claims are potentially meritorious. Though he contends they are, he provides no argument beyond a conclusory assertion that "the claims raise substantial constitutional issues." Doc. 19 at 11. At this juncture, the undersigned is unable to determine the potential merit of Petitioner's claims. The undersigned notes, however, that because Grounds One, Two, Four, and Five all relate to the trial, it appears they could have been raised on direct appeal and, thus, are likely to be procedurally barred at the state court level. *See Mann v. State*, 856 P.2d 992, 993 (Okla. Crim. App. 1993) (explaining that any claims for post-conviction relief that "could have been raised on direct appeal, but were not" are deemed "waived"); Okla. Stat. tit. 22, § 1086 ("Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application.").

Finally, Petitioner does not establish that he did not engage in intentionally dilatory litigation tactics. Again, though he contends he did not, he provides no argument beyond

15

a conclusory assertion that "there has been no intentional delay." Doc. 19 at 12. The undersigned notes Petitioner is represented by counsel who also represented him in his application for post-conviction relief. Doc. 2-4 at 2. Counsel attests he first obtained a copy of the denial of Petitioner's application for post-conviction relief "in July 2025," *id.* (citation modified), but Petitioner provides no explanation why he failed to seek an appeal out of time before filing the Petition in November 2025. Though a pro se petitioner's failure to exhaust federal habeas claims may be assumed to stem "from his lack of legal expertise and not . . . his lack of diligence," *Mosley v. Rankins*, No. CIV-24-1139-R, 2026 WL 360040, at *5 (W.D. Okla. Dec. 2, 2025), the undersigned does not afford a counseled petitioner the same assumption.

Accordingly, Petitioner fails to carry his burden of showing a stay is warranted. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. Here, Petitioner does not establish good cause and, as such, the undersigned declines to recommend the case be stayed. *See Mosley*, 2026 WL 360040, at *5 (finding a stay not warranted where petitioner had not shown good cause).

### 3.      Conclusion

Petitioner's claims are unexhausted and his likelihood of obtaining an appeal out of time may be slim. The undersigned, though, is reluctant to foreclose that possibility by recommending application of an anticipatory procedural bar when Respondent did not raise such an affirmative defense and specifically moves for dismissal of the Petition without

16

prejudice. Further, Petitioner does not establish the Court should exercise its discretion to enter a stay in this matter. Accordingly, the undersigned recommends that the Court grant Respondent's Motion and dismiss the Petition without prejudice to afford Petitioner the opportunity to return to state court to exhaust his claims.[9]

## V.   <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss, Doc. 17, and **dismiss the Petition without prejudice**. The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than **August 10, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 27th day of July, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

---

[9] The undersigned recognizes that, even if Petitioner can perfect an appeal out of time in state court, he would still face AEDPA's one-year time limit for filing a properly exhausted habeas petition. However, the timeliness of a future petition or any tolling exception is not currently before the Court.